AMG ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF SPRINGFIELD, UNION COUNTY, NEW JERSEY, A MUNICIPAL CORPORATION, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF SPRINGFIELD AND PAUL GREENSTEIN, AS BUILDING INSPECTOR OF THE TOWNSHIP OF SPRINGFIELD, DEFENDANTS-APPELLANTS, AND THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF SPRINGFIELD, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued February 6, 1973—Decided March 29, 1973.

296

Before Judges KOLOVSKY, MATTHEWS and McGOWAN.

*Mr. Sanford A. Meskin* argued the cause for appellants (*Messrs. Bloom, Drobner and Javerbaum,* attorneys; *Mr. Kenneth S. Javerbaum,* on the brief).

*Mr. Vincent J. Apruzzese* argued the cause for respondent (*Messrs. Apruzzese & McDermott,* attorneys; *Mr. Frederick T. Danser, III,* on the brief).

The opinion of the court was delivered by
KOLOVSKY, P. J. A. D. Defendant township appeals from a judgment declaring that

\* \* \* the provision of S–60 of the Springfield Township Zoning Ordinance of September, 1968, is invalid, arbitrary and unreasonable in its application to the rear of Lots 1 and 2 of Plaintiffs' subject property; that Plaintiffs are entitled to use the said rear portions of Lots 1 and 2 of the subject premises for office "O" zone purposes, including use for additional on site parking in conjunction with the existing office building and parking facilities; \* \* \*

The judgment further provided that if plaintiff uses the rear portions of the lots for parking, it shall comply with ordinance provisions requiring a 10-foot buffer area, a 6-foot high close woven wood fence, and appropriate evergreen shrub screening.

The controversy here presented stems from the fact that, under the township's zoning ordinance, properties on the north side of Morris Avenue extending three blocks west from Short Hils Avenue are zoned for office purposes to a depth of only 150 feet. While lots 3 and 4 of plaintiff's property extend less than 150 feet north of Morris Avenue, the depth of lot 1 is 184 feet and that of lot 2, 195 feet.

Lot 1, fronting 105 feet on the north side of Morris Avenue and 185 feet on the west side of Short Hills Avenue, had been owned by Anna O. Grate. Lots 2, 3 and 4, which had been owned by a Mr. and Mrs. Lubenau, is a plot fronting approximately 150 feet on Morris Avenue and 118 feet on Lewis Drive. Lot 2, which adjoins lot 1 on the west, is 60 feet wide and 195 feet deep. The depth of lots 3 and 4 from Morris Avenue is 118 feet.

Plaintiff AMG Associates had contracted to purchase lot 1 from Mrs. Grate and lots 2 to 4 from Mr. and Mrs. Lubenau. As required by their contracts, Mrs. Grate and Mr. and Mrs. Lubenau applied to the board of adjustment· for use variances, pursuant to N. J. S. A. 40:55–39 (d), so that the portions of lots 1 and 2 extending beyond the 150-foot zone line could be used for office purposes. The building plans prepared by AMG Associates and submitted with the applications provided for the construction of an office building on the front 150 feet of lot 1 and the use of the rear of lot 1 and all of lots 2, 3 and 4 for parking.

The board of adjustment recommended that the variances be granted, with several limiting conditions. The township committee rejected the recommendation and denied the variances sought.

Plaintiff AMG Associates and Anna O. Grate then filed a complaint in two counts. (The sale by Mrs. Grate was thereafter consummated and she was eliminated as a party plaintiff by the pretrial order.) The first count sought an adjudication not only that the township committee acted arbitrarily in denying the variance but also that the conditions imposed by the board in its recommendation for a variance were arbitrary. The second count sought an adjudication that the township's 1967 zoning ordinance was "void, unconstitutional and ineffective to prevent plaintiffs, or any devisees thereof from using the entire subject premises as permitted in said 'O' district of the Township of Springfield," and a judgment directing the building inspector to issue a permit to erect the proposed office building and "to use the entire subject premises for 'O' zone use."

The action was not pretried until 15 months after the complaint was filed. By that time plaintiff had changed its building plans and, after the institution of this action, had erected a three-story office building on lots 3 and 4 at the corner of Morris Avenue and Lewis Drive.

The trial court, *Grate v. Township of Springfield,* 117 *N. J. Super.* 130, ruled that the changed circumstances resulting from the construction of the building on a portion of the tract other than that indicated on the plans submitted to the board and the township committee made it inappropriate to disturb the denial of the variance by the township committee.

The trial court noted that

* * * when a zoning ordinance is not claimed to be invalid in its entirety, but only to be arbitrary and unreasonable in its application to the owner's land, the trial court should ordinarily decline to adjudicate this attack upon the ordinance until after the owner has exhausted his remedy to seek relief from the local board of adjustment by applying for a variance. [117 *N. J. Super.* at 138]

However, it concluded that the quoted requirement was satisfied because a variance had been applied for, albeit with reference to a proposed building at a different location.

█ We do not agree with that conclusion. In our opinion the changes made in the building site plan after the applications were considered by the municipal bodies should have led the trial court to withhold consideration of the issue of the validity of the ordinance until plaintiff had first presented the changed circumstances to the municipal bodies by way of a new application for a variance.

The physical situation presented after the building was erected on lots 3 and 4 differed substantially from that which would have existed if the building had been erected, as originally planned, on lot 1. The municipal bodies should have been given the opportunity to determine whether that change in the physical situation warranted the grant of a variance permitting plaintiff to use at least part, if not all, of the rear of lots 1 and 2 for office parking purposes.

█ However, our disagreement with the procedure adopted by the trial court would not in itself warrant a reversal. *Cf. Deal Gardens, Inc. v. Bd. of Trustees, Loch Arbour,* 48 *N. J.* 492, 497–498 (1967). We therefore proceed to the merits of the court's determination that the ordinance provision limiting office use of lots 1 and 2 to a depth of 150 feet was invalid.

██ The trial court recognized that:

Zoning district lines need not coincide with property lines, and the municipality has the power and authority to set these district lines. The fixing of zoning lines is a critical function of the zoning process and is a matter of legislative discretion. * * *

* * * * * * * *

* * * zoning lines between areas must run somewhere and * * * the municipality is empowered to fix them, and * * * unless they are clearly shown to be unreasonable and arbitrary, courts will not interfere with the discretion of the zoning authorities. [117 *N. J. Super.* at 138–139]

Nevertheless, the trial court concluded that the ordinance provision was invalid. Its primary reason for that conclusion appears in the following quotation from its opinion:

* * * Plaintiffs have erected the office building on that part of their property zoned for that purpose (O zone). It is that part of their property in the rear which is in issue. It is that part of their property in the rear which is zoned for single-family residences (S-60), namely 45 feet of lot 2 of the plot and 34 feet of lot 1 along Short Hills Avenue. As stated *supra*, as a result of the boundary line passing through this property, this rear portion has become a substandard, undersized lot for residential purposes, and no residence can be constructed on it without a variance. Thus, under the present circumstances, this rear portion of the lot is rendered unusable. [117 *N. J. Super.* at 143]

Cited by the court in support of its conclusion that the ordinance provision was invalid because it rendered the rear portion of the lots unusable are several out-of-state cases which are readily distinguishable on the facts.

Moreover, whatever may be the rule in other jurisdictions, it has been held in this State that in circumstances such as those presented here, the unusability of the rear portion of the lot does not render invalid a zone line which is not as deep as the lot line of the property. *Visco v. Plainfield*, 136 *N. J. L.* 659 (Sup. Ct. 1948).

In *Visco* it appeared that lands on the northerly side of West Front Street, between Emma Street and Mariners Place, were zoned to a depth of 100 feet for business, and beyond that depth for "C" residence purposes. Plaintiff Visco's lot was 135 feet deep. He sought permission to construct a one-story cement block addition, 14 feet by 16 feet, at the rear of his premises. When his application for a variance was denied, he, on *certiorari*, attacked both the ordinance limitation and the denial of a variance, contending that

* * * under the ordinance the rear 35 feet of prosecutor's property are usable only for residential purposes, and the area is insufficient in size for such use, and the regulation therefore deprives him of all use and enjoyment of this portion of his lands in violation

of article I, paragraph 16 of the State Constitution of 1844, as amended, providing that private property shall not be taken for public use without just compensation. [at 660]

In rejecting the attack, Justice Heher, writing for the former Supreme Court said:

The delineation of such use districts by the local legislative tribunal involves the exercise of a reasonable discretion, controlled by the statutory considerations; and there is no ground for judicial interference unless there has been arbitrary action. There was none such here. The location of the district boundary in a straight parallel line 100 feet back from West Front Street is not assailed as unreasonable or capricious, nor could it well be. The statute *R. S.* 40:55–31, 40:55–32 empowers the local governing body to "divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes" thereof, and directs that the regulation of the structures in such districts shall be "with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout" the municipality; and there is no deviation from this criterion in the zoning for business of the land abutting on West Front Street, to the depth indicated, and the restriction to residence uses of all the land to the rear fronting on Emma Street and Mariners Place.

* * * A uniform division line was essential to the zoning for residence uses of the lands to the rear of the business zone fronting on the named intersecting streets. An irregular district boundary line would have interfered with the zoning of the land to the rear for the highest and best use to which it was adapted and, perhaps, would have rendered the regulation assailable as lacking in uniformity and discriminatory. *There was no obligation upon the local legislative body to zone for business all the land of the individual owner, regardless of depth. If that were so, the exercise of the zoning power would be radically restricted where lands on either side of such bisecting division line are in the one ownership; and thus the statutory policy would be subverted.* * * * [Emphasis added]

* * * Prosecutor's lands are in the main zoned for business, their best use; and the burden cast upon the relatively small portion to the rear because of its natural relation to the adjacent lands adapted to residence uses, and zoned accordingly, is purely incidental to the exercise of the zoning authority and offset by the resulting advantages, and thus there is no relievable hardship within the statutory view nor compensable invasion of the fundamental right of private property. [at 661–663]

■■ As the trial court acknowledged in its judgment, the provision of the Springfield zoning ordinance requiring a 10-foot buffer zone is not unreasonable on its face (*State v. Gallop Building,* 103 *N. J. Super.* 367 (App. Div. 1968); *Quinton v. Edison Park Development Corp.,* 59 *N. J.* 571, 580–582 (1971)), and nothing in the proofs indicated that it is unreasonable in the circumstances of this case. Realistically, in view of that provision, the only effect of the ordinance limitation is to prevent plaintiff from adding to the substantial parking area which it now has on lots 1 and 2, provision for parking on 35 feet of the rear of lot 2 and 24 feet at the rear of lot 1. That "burden cast on the relatively small portion" of plaintiff's lands by the zone line provision of the Springfield ordinance affords no basis for declaring the provision invalid. *Visco v. Plainfield, supra.*

We turn now to the second reason on which the trial court relied in declaring the ordinance limitation invalid. Here — unlike in *Visco* — plaintiff did contend, and the trial court found, that the location of the boundary line in a straight parallel line 150 feet back from Morris Avenue was arbitrary and unreasonable because of "the fact that various other areas along Morris Avenue were zoned for office use to a depth of 200 feet along Morris Avenue, up to the easterly side of Short Hills Avenue." (117 *N. J. Super.* at 141)

■ However, we conclude that the record furnishes no warrant for judicial interference with the discretion of the governing body which adopted the ordinance provision limiting to 150 feet the depth of the office zone on the north side of Morris Avenue in the three-block area extending west from Short Hills Avenue. The fact that in other areas of Morris Avenue the office zone depth is 200 feet is not of controlling significance. The setting of different zone depths for office or business districts in different sections of a street such as Morris Avenue may properly be influenced by a desire not to invade, in the respective sections, existing resi-

dential areas to the rear of the office or business zone. Plaintiff's proofs did not overcome the presumption of reasonableness which attaches to the ordinance classification.

The judgment is reversed and the cause remanded for entry of a judgment in defendants' favor.